```
               UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

REBUILD AMERICA, INC.,
a Florida Corporation ,

    Plaintiff

v.                                          Civil Action No. 2:08-0845

TIMOTHY M. SPEARS and
VICTORIA A. SPEARS and
UNITED STATES OF AMERICA and
DEPARTMENT OF THE TREASURY --
INTERNAL REVENUE SERVICE and
WEST VIRGINIA DEPARTMENT
OF TAX AND REVENUE,

    Defendants


## MEMORANDUM OPINION AND ORDER

Pending is defendant Timothy M. Spears' motion to dismiss, filed September 2, 2008.


### I.

Plaintiff Rebuild America, Inc. ("RAI"), is a Florida corporation.  Mr. Spears and his wife Victoria A. Spears are West Virginia residents.  On October 7, 1983, the Spears acquired a parcel of real property and improvements described as "Lt 2-B & Tri Lt 19x39x38, Charleston South Annex, Kanawha County, West Virginia" ("the property")  (Pet. to Quiet Title ¶ 7).  The

defendant United States on one occasion, and defendants Department of the Treasury/Internal Revenue Service and the West Virginia Department of Tax and Revenue, on multiple occasions, all filed liens against the property.

A lien for 2005 <u>ad</u> <u>valorem</u> taxes ("property tax lien") also existed. On November 14, 2006, the property tax lien was sold by the Kanawha County Sheriff. The buyer was an entity named U.S. Bank Custodian Sass Muni V DTR (hereinafter "U.S. Bank"). The sale was evidenced by the issuance of a "Certificate of Sale No. 06-S-0351" which was subsequently assigned on April 10, 2008, to RAI. After the property tax lien was left unredeemed following expiration of the statutorily prescribed time period, RAI asserts that it became the lawful owner of the property pursuant to an April 14, 2008, deed to it from Vera J. McCormick, Clerk of the Kanawha County Commission. RAI now seeks a declaratory judgment quieting title and releasing all liens and claims by defendants or any other party.

Long ago, the court of appeals observed that "ordinarily in suits to quiet title . . . , 'the amount in controversy is the value of the whole of the real estate to which the claim extends and not the value of defendant's claim.'" <u>Peterson v. Sucro</u>, 93 F.2d 878, 882 (4th Cir. 1938) (citations

omitted). The petition's jurisdictional allegation respecting the amount in controversy states only that "[j]urisdiction is proper in this Court under 28 U.S.C. § 1332, 28 U.S.C. §1367 and 28 U.S.C. § 2201." (Pet. to Quiet Title ¶ 8). Attached to the petition though is the deed by which the Spears took title to the property in October 1983. The deed declares "that the total consideration paid for the property . . . [in 1983 was] $93,000." (Ex. A at 2, Pet. to Quiet Title). Attached to RAI's response to the motion to dismiss is the Kanawha County Sheriff's current tax-year assessment of the property in the amount of $108,180.

Mr. Spears moves to dismiss, contending that (1) the petition fails to allege satisfaction of the amount in controversy, and (2) RAI failed to serve a notice to redeem the tax lien in question in accordance with state law.

The motion to dismiss is denied as to the second contention inasmuch as factual disputes appear to be present. For example, the parties differ concerning whether RAI was sufficiently diligent in attempting to provide actual notice to Mr. Spears. Mr. Spears may, if he so desires, raise the contention anew at summary judgment following discovery.

3

II.

In resolving a Rule 12 motion, the court may properly take judicial notice of matters of public record. See Secretary of State for Defence v. Trimble Navigation Ltd., 484 F.3d 700, 705 (4th Cir. 2007); Hall v. Virginia, 385 F.3d 421, 424 (4th Cir. 2004) (citing Papasan v. Allain, 478 U.S. 265, 268 n. 1 (1986). Documents attached to the complaint may also be considered, as long as they are integral to the pleading and authentic. Trimble, 484 F.3d at 705; Blankenship v. Manchin, 471 F.3d 523, 526 n. 1 (4th Cir. 2006); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Nevertheless, our court of appeals and many other authorities stress that "the basis upon which the district court's jurisdiction depends must be alleged affirmatively and distinctly [in the complaint] and cannot 'be established argumentatively or by mere inference.'" See 5 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1206 (3rd ed. 2008); Feikema v. Texaco, Inc., 16 F.3d 1408, 1412 (4th Cir. 1994)("It is fundamental that each plaintiff must demonstrate the jurisdictional basis and allege the necessary amount in

controversy."); 2-8 James Wm. Moore et al., Moore's Federal Practice ¶ 8.03 (3rd ed. 1997) ("Both the amount in controversy and citizenship of the parties must be alleged specifically, usually in the opening paragraph of the pleading, even if express citation or reference is made to the diversity statute."); see also Fed. R. Civ. P. 8(a)(1) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . .").

To facilitate a pragmatic and nontechnical approach to missing or deficient jurisdictional allegations, however, Congress enacted 28 U.S.C. § 1653, which provides as follows: "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.

The Supreme Court has interpreted section 1653 in the following manner:

> At first blush, the language of this provision appears to cover the situation here, where the complaint is amended to drop a nondiverse party in order to preserve statutory jurisdiction.  But § 1653 speaks of amending "allegations of jurisdiction," which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.  Under this reading of the statute, which we believe is correct, § 1653 would apply if Bettison were, in fact, domiciled in a State other than Illinois or was, in fact, not a United States citizen, but the complaint did not so allege. It does not apply to the instant situation, where

> diversity jurisdiction does not, in fact, exist.
>
> This interpretation of § 1653 is consistent with the language of its predecessor statute, enacted in 1915, which expressly limited jurisdictional amendments to cases in which diversity jurisdiction "in fact existed at the time the suit was brought or removed, though defectively alleged." There is nothing in the 1948 legislative history to indicate that, in changing the wording of this statute, Congress intended to abandon the limitation just quoted. . . . Furthermore, every Court of Appeals that has considered the scope of § 1653 has held that it allows appellate courts to remedy inadequate jurisdictional allegations, but not defective jurisdictional facts. We decline to reject this longstanding interpretation of the statute.

Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 826 (1989).

Several appellate courts, including our court of appeals, have observed that section 1653 is an appropriate means for allowing an amendment of the allegations relating to the amount in controversy.  See, e.g., Feikema, 16 F.3d at 1412 ("[T]he complaint as it now reads does not adequately plead jurisdiction.  Nevertheless, because the defect is in form only and amendments to complaints are to be freely allowed, we remand this case to enable the homeowners to amend their complaint to correct the jurisdictional defect.") (citation omitted); Hart v. Schering-Plough Corp., 253 F.3d 272, 274 (7th Cir. 2001) ("Much pain could have been avoided had Hart's complaint correctly identified the stakes.  But the fact remains that the amount in controversy on the date of filing was $91,910.42 . . . . Even on

6

appeal the parties may amend their pleadings under 28 U.S.C. § 1653 to show the true jurisdictional facts when the litigation began.").

Inasmuch as the jurisdictional minimum appears satisfied based upon the public record, the foregoing authorities light the way to the correct result. RAI defaulted on its obligation to appropriately allege subject matter jurisdiction, but the error is remedied by amendment, not final dismissal. It is, accordingly, ORDERED as follows:

1. That Mr. Spears' motion to dismiss be, and it hereby is, denied without prejudice to its refiling in the event RAI fails to amend as set forth below;

2. That RAI be, and it hereby is, given leave to amend and directed to file an amended petition no later than February 6, 2009, remedying the deficient jurisdictional allegations; and

3. That the Clerk be, and she hereby is, directed to file the amended petition as the new operative pleading upon receipt without the necessity of a further order.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: January 20, 2009

John T. Copenhaver, Jr.
United States District Judge