UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


REBUILD AMERICA, INC.,
a Florida Corporation ,

          Plaintiff

v.                                    Civil Action No. 2:08-0845

TIMOTHY M. SPEARS and
VICTORIA A. SPEARS and
DEPARTMENT OF THE TREASURY-
INTERNAL REVENUE SERVICE,

          Defendants


<u>MEMORANDUM OPINION AND ORDER</u>


          Pending are the motion for summary judgment of

defendant Department of the Treasury-Internal Revenue Service

("IRS"), filed June 11, 2009[1], the motion for summary judgment of

defendant Timothy M. Spears ("Dr. Spears") on his counterclaim,

filed June 11, 2009, the motion for summary judgment of plaintiff

Rebuild America, Inc. ("Rebuild America"), respecting the claims

_____

          [1]The motion is actually styled "United States' Motion for
Summary Judgment."  On August 13, 2009, however, the United
States was voluntarily dismissed from this action based upon the
prior satisfaction and release of a judicial lien it held on the
real property at issue in this action.  Inasmuch as the United
States has been voluntarily dismissed from this action, but that
the IRS remains a party, and that the aforementioned summary
judgment motion was filed by a trial attorney in the Tax Division
of the United States Department of Justice, the court treats the
motion as pursued by the IRS.

of Dr. Spears and the West Virginia Department of Tax and Revenue ("West Virginia Tax Department"), filed June 18, 2009, and Dr. Spears' motion to set aside the order for default judgment entered against his former wife, Victoria A. Spears, filed September 3, 2009.

On August 12, 2009, the court received the joint motion to modify or suspend the scheduling order and to allow Rebuild America additional time to respond to the IRS' motion for summary judgment. On August 13, 2009, the court entered the parties' proposed agreed order suspending the schedule, pending the outcome of mediation. On that same date, plaintiff was permitted a further opportunity to respond to the IRS' motion for summary judgment by August 24, 2009. On August 13, 2009, the court entered agreed proposed orders dismissing the United States of America and the West Virginia Tax Department.[2] The court was advised on or about November 13, 2009, that mediation had failed.

---

[2]For this reason, the court ORDERS that the portion of Rebuild America's motion for summary judgment seeking relief against the West Virginia Tax Department be, and it hereby is, denied without prejudice.

2

I.

On October 7, 1983, the Spears acquired a parcel of real property and improvements described as "Lt 2-B & Tri Lt 19x39x38, Charleston South Annex, Kanawha County, West Virginia" ("the property")  (Pet. to Quiet Title ¶ 7).  The property is residential and is located at 1797 Huber Road in Charleston.  The United States on one occasion, and the IRS and West Virginia Tax Department, on multiple occasions, all filed liens against the property.

A lien for 2005 <u>ad</u> <u>valorem</u> taxes ("property tax lien") also existed.  On November 14, 2006, the property tax lien was sold by the Kanawha County Sheriff.  The buyer was an entity named U.S. Bank Custodian Sass Muni V DTR (hereinafter "U.S. Bank").  The sale was evidenced by the issuance of a "Certificate of Sale No. 06-S-0351."

On December 31, 2007, as required by statute, a list of persons to be served with a "Notice to Redeem" was prepared by O. Gay Elmore, an attorney with the law firm of Elmore & Elmore.  Mr. Elmore had apparently been retained by U.S. Bank.  On December 31, 2007, Mr. Elmore filed the list of persons with the

3

Clerk of the Kanawha County Commission ("Clerk").[3]  The Notice to
Redeem provided, inter alia, as follows:

> [U.S. Bank] . . . has requested that you be notified
> that a deed for . . . [the property] will be made to
> him on or after the first day of April, 2008, as
> provided by law unless before that day you redeem such
> real estate.  The amount you will have to pay to redeem
> on the last day, March thirty-first, will be as follows
> . . . .

(Dr. Spears' Mot. Summ. J., Ex. C).  The redemption amount for
the property tax lien at that time was $16,950.48, which included
the taxes due, publication costs and title examination fees.  The
list of persons reflected the following entities entitled to
notice and their respective addresses:

| | |
|---|---|
| West Virginia Tax Department | P.O. Box 756, Charleston, WV, 25323-0766 |
| IRS | P.O. Box 1579, Cincinnati, OH, 45201 |
| Timothy M. Spears | 1797 Huber Road, Charleston, WV, 25314 |
| Victoria A. Spears | 1797 Huber Road, Charleston, WV, 25314 |
| Occupant | 1797 Huber Road, Charleston, WV, 25314 |
| Timothy M. Spears | 619 Russell Street, Charleston, WV, 25302 |
| Victoria A. Spears | 619 Russell Street, Charleston, WV, 25302 |
| Timothy M. Spears | 101 Hunter Ridge Road, Charleston, WV, 25314 |
| Victoria A. Spears | 101 Hunter Ridge Road, Charleston, WV, 25314 |
| Timothy M. Spears | 878 Oakwood Road, Charleston, WV, 25314 |

---

[3]Dr. Spears contends the filing date was actually January 2,
2008, the date stamped on the document by the Clerk.  Mr.
Elmore's affidavit in this action, however, reflects his position
that the affidavit was filed on December 31, 2007.  The court
accepts as true Mr. Elmore's contention for purposes of the
instant motions.

4

| Victoria A. Spears | 878 Oakwood Road, Charleston, WV, 25314 |
| Piper Marie Spears | No. 2 Chatsworth Lane, Charleston, WV, 25314 |
| Gary L. Call | P.O. Box 1713, Charleston, WV, 25326 |

In actuality, none of the addresses on the list of persons were

for Dr. Spears' residence or offices at the time.[4]

_____

[4]Dr. Spears contends that his correct office addresses were
readily available on the Internet.  He notes also as follows
respecting the addresses used by Rebuild America to provide him
notice:

> Further evidence of Plaintiff's complete lack of
> diligence was found in its responses to Defendant's
> discovery requests. During the discovery period of this
> action, Plaintiff was requested to produce, and did
> produce, documents from its file related to acquiring
> the subject tax deed. In response to Request for
> Production of Documents No. 6, Plaintiff produced
> copies of documents it used, or typically uses, in
> searching for Defendant Spears' address.  The first
> document, attached as Exhibit L, is a page from the
> telephone directory under the heading "Dentists", which
> shows "Spears Timothy at 3 Jasmine Ln Charleston" and
> "Spears Timothy at 2601 1st Av Nitro". The next
> document produced, attached as Exhibit M, is another
> telephone directory listing showing "Spears Timothy DDS
> at 3 Jasmine Ln Charleston" and "Spears Timothy Dr at
> 2601 1st Av Nitro". The next document produced,
> attached as Exhibit N, appears to be an Internet search
> showing "Spears Timothy M DDS - Ofc at 818 Oakwood
> Charleston, WV 25314". Additionally, the Plaintiff
> produced two (2) other Internet searches it performed
> reflecting Defendant Spears' office address at 818
> Oakwood Rd., and Defendant Spears' office address at
> 2601 1st Ave, Nitro, attached as Exhibits O and P,
> respectively. In light of Plaintiff's disclosures, it
> is abundantly clear that Plaintiff, at all times,
> either had actual knowledge of all three (3) of
> Defendant Spears' correct addresses, and/or knew how to
> locate those addresses, but still failed to list even
> one of them on the list of persons to be served with
> the Notice to Redeem.

(Dr. Spears' Mem. in Supp. at 12-13).

On January 28, 2008, the Clerk sent a Notice to Redeem respecting the property tax lien to the <u>Charleston Gazette</u> and the <u>Charleston Daily Mail</u> for publication.  On February 7, 2008, the information contained in the Notice to Redeem first appeared in the two newspapers.  On March 18, 2008, 78 days after receiving the list of persons, the Clerk sent copies of the Notice to Redeem via certified mail to the recipients at the addresses listed above.  The lateness of the mailing appears due to an error on the part of the Clerk's office, as reflected in internal correspondence between two Rebuild America officials reproduced below:

> Called and spoke to Sam in the Clerk's office.  Per Sam, his office creates all the notices and envelopes and then he sends them to another office to seal and mail.  When he received the shipment back of all the notices he reviewed them to ensure everything was correct.  When he looked at this file he noticed that the envelopes and notices were still attached to the file and were not mailed.  Sam brought the file to the County Attorney for review and the attorney told Sam to mail the notices since there was still time. [H]e also said that if suit was to arise just to bring the county into it.  Sam received a call from Mr. Spears the day after our deed was recorded inquiring about a redemption.  Sam told him that the title was conveyed and he would have to speak directly to us. . . .

(Dr. Spears' Mot. Summ. J., Ex. I).

The results of the March 18, 2008, mailing, as to the non-governmental defendants, are summarized below:

6

| Dr. Spears | Huber | Received by Eric Tinney on 3-26-08. |
| Ms. Spears | Huber | Received by Eric Tinney on 3-26-08. |
| Occupant | Huber | Returned to Sender ("RTS"). |
| Dr. Spears | Russell | RTS. |
| Ms. Spears | Russell | RTS. |
| Dr. Spears | Hunter | Received by Eric Tinney on 3-26-08. |
| Ms. Spears | Hunter | Received by Eric Tinney on 3-26-08. |
| Dr. Spears | Oakwood | Received by Tiffani Jones on 3-19-08. |
| Ms. Spears | Oakwood | Received by Tiffani Jones on 3-19-08. |
| P. Spears | Chatsworth | RTS. |

Despite the errant addresses, an attentive postal service worker delivered six of the notices, as reflected above, to Mr. Tinney and Ms. Jones, two of Dr. Spears' employees, at Dr. Spears' office located at 818 Oakwood Road.  It is unclear when Dr. Spears actually opened and reviewed the mailings.

On April 10, 2008, U.S. Bank assigned its interest in the property tax lien to Rebuild America.  After the property tax lien was left unredeemed following expiration of the statutorily prescribed time period, Rebuild America asserts that it became the lawful owner of the property pursuant to an April 14, 2008, deed to it for the property from the Clerk.  The April 14, 2008, deed was recorded the next day by Rebuild America.

On June 17, 2008, Rebuild America instituted this action with a "Petition to Quiet Title" after Dr. Spears

7

questioned the validity of the notice given to him.  On February 3, 2009, Rebuild America filed its Amended Petition to Quiet Title, seeking "quiet title" to the property and the release of all liens or claims by any other party, known or unknown.  On February 13, 2009, Dr. Spears answered the Amended Petition to Quiet Title, along with filing a counterclaim.

The counterclaim asserts generally that the April 14, 2008, deed is void inasmuch as Rebuild America putatively failed to satisfy the statutory requirements imposed upon those seeking to foreclose on delinquent tax liens.  In particular, Dr. Spears asserts that, (1) among other defects associated with providing him notice of Rebuild America's intention to acquire title to the property, the Clerk failed to send the certified mail notices to the list of persons within the 30 days after receipt of the list, as prescribed by statute, (2) the list of persons filed with the Clerk by Mr. Elmore, which Dr. Spears contends was not filed until January 2, 2008, was submitted beyond the prescribed statutory deadline of December 31, 2007, (3) Rebuild America failed to exercise reasonably diligent efforts to provide Dr. Spears notice of its intention to acquire title to the property, and (4) the West Virginia statutory real estate tax sale notice provisions are unconstitutional insofar as they do not require

notice to be given by certified mail, return receipt requested, with restricted delivery to the individual property owner entitled to notice.

## II.

A.   Governing Standard

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those necessary to establish the elements of a party's claim or cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The material facts here do not appear to be in dispute.

B.   Dr. Spears' Motion for Summary Judgment on His Counterclaim and Rebuild America's Motion Respecting the Claims of Dr. Spears

When property taxes become delinquent, the sheriff for the county in which the property is found "must take immediate steps to enforce payment . . . ." W. Va. Code § 11A-2-1. In

addition to other methods available to the sheriff for collection purposes, "tax liens on real estate may be sold for the taxes assessed thereon in the manner prescribed in" Chapter 11A, Article 3.  W. Va. Code § 11A-2-10.

Article 3 opens with a declaration of legislative purpose and policy stating pertinently as follows:

> In view of the paramount necessity of providing regular tax income for the state, county and municipal governments, particularly for school purposes; and in view of the further fact that delinquent land not only constitutes a public liability, but also represents a failure on the part of delinquent private owners to bear a fair share of the costs of government; and in view of the rights of owners of real property to adequate notice and an opportunity for redemption before they are divested of their interests in real property for failure to pay taxes or have their property entered on the land books . . . ; now therefore, the Legislature declares that its purposes in the enactment of this article are as follows: (1) To provide for the speedy and expeditious enforcement of the tax claims of the state and its subdivisions; (2) to provide for the transfer of delinquent and nonentered lands to those more responsible to, or better able to bear, the duties of citizenship than were the former owners; (3) <u>to secure adequate notice to owners of delinquent and nonentered property of the pending issuance of a tax deed</u> . . . ; (5) to reduce the expense and burden on the state and its subdivisions of tax sales so that such sales may be conducted in an efficient manner while respecting the due process rights of owners of real property . . . .

W. Va. Code § 11A-3-1 (emphasis added).

Section 11A-3-1 thus indicates that the Legislature considered two overriding factors in constructing the tax sale scheme.  First, it sought to assure the prompt payment in full of tax obligations to provide a dependable stream of revenue.  Of equal apparent importance, however, was the desire to avoid wresting homesteads and other property from delinquent owners unless they received abundant notice concerning their tax obligations and, only then, after a generous amount of time had passed without satisfaction of the debt.  These dual purposes appears to be confirmed by <u>Wells Fargo Bank, N.A. v. UP Ventures II, LLC</u>, 223 W. Va. 407, 410, 675 S.E.2d 883, 886 (2009):

> The Legislature contemplated property owners' due process rights when enacting West Virginia's statutory tax scheme and sought to balance the due process rights of property owners with the need to find a cost effective, speedy means of conducting tax sales. The Legislature also sought to ensure that property owners and lienholders of record would be provided adequate notice of a property sale.

<u>Id.</u> at 410, 675 S.E.2d at 886.

West Virginia Code section 11A-3-19, entitled "[w]hat purchaser must do before he can secure deed," provides a series of steps preceding the transfer of title to the tax lien holder. Following October 31, but on or before December 31, of the year following the sheriff's sale of the tax lien, the tax lien purchaser must prepare a list of those to be served with a notice

11

to redeem and request the clerk to prepare and serve the notice.[5]
W. Va. Code § 11A-3-19(a); Syl. Pt. 1, <u>Wells Fargo</u>, 223 W. Va. at
408, 675 S.E.2d at 884.  Section 11A-3-19(a) additionally
provides that "[f]or failure to meet the[] requirements [of the
subsection], the purchaser shall lose all the benefits of his or
her purchase."  <u>Id.</u>

        West Virginia Code section 11A-3-22 governs service of
the notice upon those entitled to its receipt:

> As soon as the clerk has prepared the notice provided
> for in section twenty-one of this article, he shall
> cause it to be served upon all persons named on the
> list generated by the purchaser pursuant to the
> provisions of section nineteen of this article.
>
> The notice shall be served upon all such persons
> residing or found in the state in the manner provided
> for serving process commencing a civil action or by
> certified mail, return receipt requested. <u>The notice
> shall be served on or before the thirtieth day
> following the request for such notice</u>.

W. Va. Code, § 11A-3-22 (emphasis added); <u>Subcarrier
Communications, Inc. v. Nield</u>, 218 W. Va. 292, 295, 624 S.E.2d
729, 732 (2005) ("One of the requirements for obtaining a tax
deed is to provide notice of the right to redeem pursuant to W.
Va. Code §§ 11A-3-19 . . . 11A-3-21 . . . , and 11A-3-22 . . .
."); <u>see</u> <u>also</u> Robert Louis Shuman, <u>Update: The Amended and</u>

---

        [5]The contents of the notice are set forth in W. Va. Code §
11A-3-21.

*Reenacted Delinquent and Nonentered Land Statutes -- the Title Examination Ramifications*, 111 W. Va. L. Rev. 707, 726 (2009).

It is undisputed here that the Clerk's office defaulted on its obligation to transmit the Notice to Redeem by January 30, 2008, 30 days after Mr. Elmore requested its preparation and issuance.  If the time of service under section 11A-3-22 is treated as the date the Notice to Redeem was transmitted via certified mail to the individuals reflected on the list of persons, it was achieved fully 78 days after Rebuild America requested the Clerk to act, and 48 days following the expiration of the statutory deadline contained in section 11A-3-22.

Rebuild America offers two contentions designed to excuse the delayed notice.  First, it asserts that it is blameless for the  oversight committed by the Clerk's office. Second, it contends that the Clerk's office nevertheless substantially complied with the notice obligation imposed upon it by the statute.    Both contentions are answered with reference to an additional statute, unmentioned by the parties, found further in to Article three.

Section 11A-3-28, which provides a remedy to compel the Clerk to serve the Notice to Redeem, provides pertinently as

13

follows:

> If the clerk of the county commission fails or refuses
> to prepare and serve the notice to redeem as required
> in sections twenty-one and <u>twenty-two of this article</u>,
> the person requesting the notice may, at any time
> within two weeks after discovery of such failure or
> refusal, <u>but in no event later than sixty days</u>
> <u>following the date the person requested that notice be</u>
> <u>prepared and served</u>, apply by petition to the circuit
> court of the county for an order compelling the clerk
> to prepare and serve the notice or appointing a
> commissioner to do so. <u>If the person requesting the</u>
> <u>notice fails to make such application within the time</u>
> <u>allowed, he shall lose his right to the notice</u>, but his
> rights against the clerk under the provisions of
> section sixty-seven[6] of this article shall not be
> affected. Notice given pursuant to an order of the
> court or judge shall be as valid for all purposes as if
> given within the time required by section twenty-two of
> this article.

W. Va. Code § 11A-3-28 (emphasis added).

In enacting section 11A-3-28, the Legislature
recognized that the Clerk will err at times in meeting the
statutory time line.  When an error occurs, however, it is
incumbent upon the purchaser to resort to the remedy found in

---

[6]West Virginia Code section 11A-3-67 provides pertinently as
follows:

> If any officer mentioned in this article shall refuse
> to perform any duty required of him, he shall forfeit
> not less than twenty-five nor more than one hundred
> dollars for each such failure or refusal, unless a
> different penalty is imposed by the provisions of this
> article.

W. Va. Code § 11A-3-67.

section 11A-3-28.  If the error is discovered within 60 days of the date that the purchaser requested the Notice to Redeem be prepared and served, the purchaser may petition the circuit court to compel the notice to issue.  If the purchaser notices the error beyond that 60 day period, "he . . . lose[s] his right to the notice . . . ."  W. Va. Code § 11A-3-28.

Inasmuch as more than 60 days elapsed prior to the error being noticed in this matter, the Notice to Redeem was without force or effect and should not have issued.  Pursuant to section 11A-3-28, it is treated as a nullity, as is any subsequent tax deed dependent upon its proper preparation and service.

The court, accordingly, ORDERS that Dr. Spears' motion for summary judgment on his counterclaim be, and it hereby is, granted to the extent set forth in section III.6 <u>infra</u>.  It is further ORDERED that Rebuild America's motion for summary judgment respecting the claims of Dr. Spears be, and it hereby is, denied.[7]

---

[7]Based upon this disposition, the court need not reach the additional bases for summary judgment asserted by Dr. Spears.

C.   IRS' Motion for Summary Judgment

        The IRS contends that its tax liens remain attached to the property because Rebuild America failed to provide notice of the non-judicial property tax sale in the manner required by federal law.  Specifically, the IRS requests a determination as a matter of law that "adequate notice of the tax sale was not provided" and that "the federal tax liens remain attached to the property."  (IRS' Memo. in Supp. at 4).

        Inasmuch as the notice provided by the Clerk's office was defective pursuant to state law, the court, accordingly, ORDERS that the IRS' motion for summary judgment be, and it hereby is, granted, albeit on grounds different from those advanced in the IRS's motion, as to which it is denied without prejudice.


D.   Dr. Spears' Motion to Set Aside the Order for Default
     Judgment Against Ms. Spears


        The amended petition to quiet title, summons, and a request for waiver of service were served upon Ms. Spears on or about May 27, 2009.  Ms. Spears executed the waiver of service on June 15, 2009, which was filed with the Clerk on July 29, 2009.

16

After the time for Ms. Spears to answer or otherwise plead, Rebuild America moved for entry of default.  Following the entry of default by the Clerk, the court entered Rebuild America's proposed default judgment order for Rebuild America as follows:

> It is therefore ORDERED, ADJUDGED and DECREED that judgment be entered for . . . [Rebuild America] against . . . [Ms. Spears] . . . and the Court does hereby declare that all right and title of . . . [Ms. Spears] in . . . th[e property] . . . together wi[th] all improvements and appurtenances thereunto, was conveyed to . . . [Rebuild America] . . . by that deed dated April 14, 2008, made by [the] . . . Clerk of the County Commission . . . .

Rebuild America, Inc. v. Spears, No. 2:08-845, slip op. at 2 (S.D. W. Va. Aug. 21, 2009).

On August 21, 2009, Dr. Spears moved to set aside the default judgment order as premature, asserting that

> the validity of that deed is in dispute, and any interest that . . . [Ms.] Spears may have in the subject property is being defended by . . . [Dr.] Spears.  Moreover, if the deed is found to be null and void and to be set aside, it is to be set aside as to all individuals affected thereby and not just . . . Dr. Spears.

(Mot. to Set Aside at 1-2).

Federal Rule of Civil Procedure 55(c) governs the vacatur of default judgments: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b)

17

provides pertinently as follows:

> On motion and just terms, the court may relieve a party
> or its legal representative from a final judgment,
> order, or proceeding for the following reasons:
>
>      . . . .
>
>      (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(6).  In this action, the court has

adjudicated the April 14, 2008, deed as void for Rebuild

America's failure to comply with the statutory prerequisites.

Dr. Spears timely moved to vacate the default judgment order, he

has demonstrated a meritorious, and indeed successful, defense,

and Rebuild America is not unfairly prejudiced by vacatur

inasmuch as it had the opportunity to vigorously defend this

action on the merits from the outset, without success.  In

addition to these considerations, the interests of justice under

Rule 60(b)(6) would warrant vacatur of the default judgment

against Ms. Spears but for one apparent obstacle.

Rule 60(b) offers relief from judgment only to "a party

or its legal representative . . . ."  Fed. R. Civ. P. 60(b).  Ms.

Spears has not appeared and is not seeking relief pursuant to

Rule 55(c).  The question thus arises as to whether Dr. Spears is

properly deemed to be her "legal representative" for purposes of

this action.  <u>Heyman v. M.L. Marketing Co.</u>, 116 F.3d 91, 95 (4th

Cir. 1997) ("Mr. Heyman assumed the role of Unis's management and became the bankruptcy estate's 'legal representative.'  This position gave him standing to bring a Rule 60(b) motion.") (citation omitted).

The court deems it appropriate under these circumstances to treat Dr. Spears as the legal representative of Ms. Spears for the limited purpose of seeking vacatur of the default judgment order.  See Jay M. Zitter, <u>Who is "Legal Representative" Within Provision of Rule 60(b) of Federal Rules of Civil Procedure Permitting Court to Relieve "Party or His Legal Representative" From Final Judgment or Order</u>, 136 A.L.R. Fed. 651 (1997 and Supp. 2009) ("[A] number of courts have taken the position that . . . [the term "legal representative"] applies to only those persons who were in a position tantamount to that of a party <u>or whose legal rights were otherwise so intimately bound up with the parties that their rights were directly affected by the final judgment</u>.") (emphasis added).

The court, accordingly, ORDERS that Dr. Spears' motion to set aside the order for default judgment entered against Ms. Spears be, and it hereby is, granted.  It is further ORDERED that the default judgment order entered August 21, 2009, be, and it hereby is, vacated.[8]

---

[8]The court notes that this is not the usual situation where a "party is blameworthy, but innocent third parties suffer injury

III.


Based upon the foregoing discussion, it is ORDERED as follows:

1.  That Dr. Spears' motion for summary judgment on his counterclaim be, and it hereby is, granted to the extent set forth in paragraph number 6 below;

2.  That Rebuild America's motion for summary judgment respecting the claims of Dr. Spears be, and it hereby is, denied and is further denied as moot respecting the claims relating to the West Virginia Tax Department of Tax and Revenue;

3.  That the IRS' motion for summary judgment be, and it hereby is, granted to the extent that lien exoneration is deemed inappropriate as a matter of law based upon defective notice pursuant to state law and denied without prejudice in all other respects;

---

as a consequence of a default judgment."  Heyman, 116 F.3d at 96 ("If we were to search for a blameless third party injured by the default, Park and virtually every default case would be subject to reopening, and the recognized interest in finality would be overwhelmed.").  Of significant concern is the apparently undisputed fact that the Spears' marriage was dissolved over two decades ago and Ms. Spears "has stated [Dr.] Spears did not honor, and still fails to honor, his obligations to her . . . ." (Rebuild America's Resp. Br. at 7).  The potential that Ms. Spears' waiver of service, and then default, was employed as a procedural device to further cloud title to the property is a matter of some concern.

4.    That Dr. Spears' motion to set aside the order for default judgment entered against Ms. Spears be, and it hereby is, granted;

5.    That the default judgment order against Ms. Spears entered August 21, 2009, be, and it hereby is, vacated; and

6.    That the April 14, 2008, deed be, and it hereby is, declared null and void upon Dr. Spears or any other party paying in full to Rebuild America within 30 days the amount which would have been required for redemption, together with any taxes which have been paid on the property since delivery of the deed, with interest at the rate of twelve percent per annum;[9]

---

[9]This element of the relief awarded is based upon West Virginia Code section 11A-4-4:

If any person entitled to be notified under the provisions of section twenty-two or fifty-five, article three of this chapter is not served with the notice as therein required, and does not have actual knowledge that such notice has been given to others in time to protect his interests by redeeming the property, he, his heirs and assigns, may, before the expiration of three years following the delivery of the deed, institute a civil action to set aside the deed. No deed shall be set aside under the provisions of this section until payment has been made or tendered to the purchaser, or his heirs or assigns, of the amount which would have been required for redemption, together with any taxes which have been paid on the property since delivery of the deed, with interest at the rate of twelve percent per annum.

7. Rebuild America, Dr. Spears and Ms. Spears shall jointly or, if they so desire, separately, notify the court in writing on or before March 16, 2010, with respect to that which transpires under paragraph number 6 next above. The court will receive on that same date a motion for entry of final judgment from any or all parties, with response and reply, if any, to be filed respectively on March 23 and March 30, 2010.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: February 2, 2010

John T. Copenhaver, Jr.
United States District Judge

. . . .

Upon a preliminary finding by the court that the deed will be set aside pursuant to this section, such amounts shall be paid within one month of the entry thereof. Upon the failure to pay the same within said period of time, the court shall upon the request of the purchaser, enter judgment dismissing the action with prejudice.

W. Va. Code § 11A-4-4(a), (c).