```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**REBUILD AMERICA, INC.,**
a Florida Corporation ,

       Plaintiff

v.                                    Civil Action No. 2:08-0845

**TIMOTHY M. SPEARS** and
**VICTORIA A. SPEARS** and
**DEPARTMENT OF THE TREASURY-**
**INTERNAL REVENUE SERVICE,**

       Defendants

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are defendant Timothy M. Spears' motions for entry of final judgment, filed March 12, 2010, and for leave to amend his counterclaim and add a cross claim against Victoria A. Spears, filed April 5, 2010.

I.

The factual scenario in this dispute is detailed in a February 2, 2010, memorandum opinion and order and not restated here.  The action involves a parcel of real property with improvements ("the property") purchased by Dr. Spears and defendant Victoria Spears, his spouse at the time, on October 7, 1983.

On November 14, 2006, an existing lien against the property for nonpayment of the 2005 ad valorem property taxes ("property tax lien") was sold to U.S. Bank Custodian Sass Muni V DTR ("U.S. Bank"). On April 10, 2008, U.S. Bank assigned its interest in the property tax lien to Rebuild America, Inc. ("Rebuild America"). After the property tax lien was left unredeemed following expiration of the statutorily prescribed time period, Rebuild America claimed ownership of the property pursuant to an April 14, 2008, deed issued by the Clerk of Kanawha County.

On June 17, 2008, Rebuild America instituted this action with a "Petition to Quiet Title" after Dr. Spears questioned the validity of the notice given to him during the lien-sale process. On February 3, 2009, Rebuild America filed its Amended Petition to Quiet Title, seeking "quiet title" to the property and the release of all liens or claims by any other parties.

On February 13, 2009, Dr. Spears answered the Amended Petition to Quiet Title, along with filing a counterclaim. The counterclaim asserted generally that the April 14, 2008, deed was void inasmuch as Rebuild America putatively failed to satisfy the statutory requirements imposed upon those seeking to foreclose on delinquent property tax liens.

2

In the February 2, 2010, memorandum opinion and order, the court concluded that the Notice to Redeem sent during the sale process to those with a potential interest in the property was without force or effect pursuant to statute. The Notice to Redeem was treated as a nullity, along with the deed to Rebuild America, which was dependent upon the proper preparation of the Notice to Redeem and its appropriate service. Based upon that conclusion, the court granted Dr. Spears' motion for summary judgment on his counterclaim to the extent later set forth in the memorandum opinion and order at section III, which section is quoted in material part <u>infra</u>.

The court additionally vacated an order for default judgment entered August 21, 2009, against Ms. Spears, who has not appeared in the case. The court concluded that Dr. Spears was authorized to seek vacatur of the default judgment on Ms. Spears' behalf pursuant to Federal Rule of Civil Procedure 60(b). The memorandum opinion and order additionally observed as follows:

> The court notes that this is not the usual situation where a "party is blameworthy, but innocent third parties suffer injury as a consequence of a default judgment." . . . . Of significant concern is the apparently undisputed fact that the Spears' marriage was dissolved over two decades ago and Ms. Spears "has stated [Dr.] Spears did not honor, and still fails to honor, his obligations to her . . . ." The potential that Ms. Spears' waiver of service, and then default, was employed as a procedural device to further cloud

title to the property is a matter of some concern.

**Rebuild America, Inc. v. Spears**, No. 2:08-0845, slip op. at 19-20 n.8 (S.D. W. Va. Feb. 2, 2010) (citations omitted).

At the conclusion of the February 2, 2010, memorandum opinion and order, the court summarized its rulings in section III:

1. That Dr. Spears' motion for summary judgment on his counterclaim be, and it hereby is, granted to the extent set forth in paragraph number 6 below;

   . . . .

6. That the April 14, 2008, deed be, and it hereby is, declared null and void upon Dr. Spears or any other party paying in full to Rebuild America within 30 days the amount which would have been required for redemption, together with any taxes which have been paid on the property since delivery of the deed, with interest at the rate of twelve percent per annum;

7. Rebuild America, Dr. Spears and Ms. Spears shall jointly or, if they so desire, separately, notify the court in writing on or before March 16, 2010, with respect to that which transpires under paragraph number 6 next above.  The court will receive on that same date a motion for entry of final judgment from any or all parties, with response and reply, if any, to be filed respectively on March 23 and March 30, 2010.

**Rebuild America, Inc. v. Spears**, No. 2:08-0845, slip op. at 20-22 n.8 (S.D. W. Va. Feb. 2, 2010) (citations omitted).

On March 12, 2010, Dr. Spears moved for entry of final judgment.  The motion noted that on February 22, 2010, Rebuild

America provided Dr. Spears with its calculation of the full amount required to redeem the property.  On February 26, 2010, Dr. Spears tendered to Rebuild America the sum of $19,120.71, the full amount sought by it pursuant to the February 2, 2010, memorandum opinion and order.[1]  On March 23, 2010, Rebuild America objected to the entry of final judgment in the form requested by Dr. Spears.[2]  It noted that any proposed judgment, unlike the one presented by Dr. Spears, should be drawn along the lines specified in West Virginia Code section 11A-4-5.[3]  The reason for this request appears to arise from the following

---

[1]The sum consisted of a principal amount of $13,755.91 and interest of $5,364.80.

[2]Rebuild America also requested that judgment await receipt and processing of a replacement check from Dr. Spears' after it initially lost the check he tendered February 26, 2010.  Rebuild America subsequently located the check.  This impediment to the entry of judgment has thus been removed.

[3]Section 11A-4-5 provides as follows:

> Any civil action instituted under the provisions of section two, three or four of this article by a person <u>other than the former owner</u>, his heirs or assigns, must be brought on his or their behalf. Whenever the deed <u>in such case is set aside</u>, the decree shall be that all the right, title and interest of the former owner, his heirs or assigns, is revested in him or them.

W. Va. Code § 11A-4-5.  The basis for the set aside was the counterclaim by one of the apparent former owners of the property, Dr. Spears.  The court thus deems section 11A-4-5 inapplicable.

5

development:

> Rebuild [America] has taken an assignment of . . . [Ms. Spears'] interest in the property while this action has been pending, and . . . prefers that the Court's final order specifically revests the property in the owners or their assigns.

(Pl.'s Resp. at 1).

On March 30, 2010, Dr. Spears replied.  He asserts that "all issues found in the pleadings have been fully adjudicated and all obligations set forth in this Court's Memorandum Opinion and Order have been fulfilled" by him.  (Def.'s Reply at 1).  Dr. Spears contends specifically that (1) the assignment by Ms. Spears' to Rebuild America, apparently in the form of a quitclaim deed, is irrelevant to the validity of the tax deed and, consequently, the proposed judgment language offered by Rebuild America is inappropriate, (2) the quitclaim deed was improperly obtained by Rebuild America "in an attempt to further its position in the underlying action," (3) the validity of the quitclaim deed is not a matter raised in the pleadings and should not prevent entry of final judgment declaring the April 14, 2008, deed null and void, and (4) the Judgment should be drawn in the manner contemplated by the February 2, 2010, memorandum opinion and order.

On April 5, 2010, Dr. Spears moved to amend the counterclaim and add a cross claim against Ms. Spears. The motion provides as follows:

> Defendant [Dr.] Spears states that the acts of Plaintiff in procuring a quit claim deed from Defendant Victoria A. Spears in the late stages of the case at bar were inappropriate and improper and Defendant Spears wishes to add some or all of the following counts to his counterclaim and as a cross-claim against Victoria A. Spears: declaratory judgment on the validity of the quit claim deed, slander of title, tortious interference, fraudulent conveyance, and civil conspiracy. Furthermore, Defendant Spears believes he is entitled to reimbursement from Defendant Victoria A. Spears for a portion of the costs to defend the subject property. Defendant Spears believes that the addition of these claims is necessary to clear the cloud on the title to the subject property that has been created by Plaintiff and Defendant Victoria A. Spears during the course of the existing litigation.

(Def.'s Mot. to Amd. at 1-2; see also Def.'s Mem. in Supp. at 4 ("Dr. Spears recognizes that his request to amend his counterclaim is unusual at this late of date . . . .")). Dr. Spears also asserts, without significant elaboration, that Rebuild America never paid any subsequent property taxes after acquiring the initial lien and apparently allowed a subsequent property tax lien to attach to the property and be sold.[4]

---

[4] Dr. Spears does add, however, that he paid the full amount necessary to redeem to the subsequent tax lien purchaser. The court makes no determination herein respecting the validity of any subsequent tax sale relating to the property aside from the specific directions found in the Judgment entered this same day.

After receiving an extension, on April 29, 2010, Rebuild America responded to the motion to amend. The response challenges the merits of Dr. Spears' proposed claims. It asserts all of the claims sound in tort and that the 1985 Property Settlement Agreement arising out of Dr. and Mrs. Spears' divorce does not include any agreement to convey her interest in the property to him. Rebuild asserts that it would not object to the court "retaining this matter in order to establish the parties' respective interests" in the property but nevertheless contends that this action is "essentially over" and should not be restarted by amendment. (Pl.'s Resp. at 2).

In his May 6, 2010, reply Dr. Spears states that no prejudice would result from granting leave to amend and judicial economy would be served by adjudicating the claims inasmuch as the court is already familiar with the underlying facts of the controversy.

II.

A. Governing Standard

Federal Rule of Civil Procedure 15(d) governs the filing of a supplemental pleading, which is essentially the type

of submissions contemplated by Dr. Spears:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense.

Fed. R. Civ. P. 15(d).[5] In <u>Griffin v. County School Bd. of Prince Edward County</u>, 377 U.S. 218, 227 (1964), the Supreme Court observed as follows:

> Rule 15(d) of the Federal Rules of Civil Procedure plainly permits supplemental amendments to cover events happening after suit, and it follows, of course, that persons participating in these new events may be added

---

[5]Rules 13(e) and (g) are also potentially applicable here. Rule 13(e) provides as follows:

> The court may permit a party to file a supplemental pleading asserting a counterclaim that matured or was acquired by the party after serving an earlier pleading.

Fed. R. Civ. P. 13(e). Rule 13(g) states as follows:

> A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action. The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant.

Fed. R. Civ. P. 13(g). Inasmuch as the determination is discretionary under either of the three rules cited, the court need not definitively resolve which provision controls here.

9

>if necessary. Such amendments are well within the basic aim of the rules to make pleadings a means to achieve an orderly and fair administration of justice.

Id. (footnote omitted); Franks v. Ross, 313 F.3d 184, 198 n.15 (4th Cir. 2002)("A supplemental pleading differs from an amended pleading because it relates to matters occurring subsequent to the filing of the initial complaint."); Davis v. Piper Aircraft Corp., 615 F.2d 606, 609 n.3 (4th Cir. 1980).

The applicable standard is a liberal one, not unlike its Rule 15(a) counterpart. See Franks, 313 F.3d at 198 n.15 (stating that "the standards used by a district court in ruling on a motion to amend or on a motion to supplement are nearly identical. In either situation, leave should be freely granted, and should be denied only where "good reason exists . . ., such as prejudice to the defendants.").

In New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 28-29 (4th Cir. 1963), it was stated that a supplemental pleading "is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted." Id. ("So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears . . . .").

Despite this liberal approach, Rule 15(d) is not without limits. The principal commentators on the Federal Rules of Civil Procedure observe as follows:

> [W]hen the matters alleged in a supplemental pleading have no relation to the claim originally set forth and joinder will not promote judicial economy or the speedy disposition of the dispute between the parties, refusal to allow the supplemental pleading is entirely justified.

6A Charles Alan Wright et al., Federal Practice and Procedure § 1506 (3d ed. elec. 2010); see also id. § 1510 ("Courts also are reluctant to allow a supplemental pleading to reopen a litigated case.").

There are a number of reasons why the supplementation sought by Dr. Spears should not be permitted. First, the conduct about which he complains arose following discovery and the briefing of dispositive motions, near the end of the case. Second, the court first learned of the quitclaim deed after having entered its February 2, 2010, memorandum opinion and order. All that remained to be done in the case at that time was entry of final judgment. Third, it appears that Dr. Spears was aware of at least some of the facts underlying the quitclaim deed long prior to seeking supplementation. (Def.'s Memo. in Supp. at 3 ("Dr. Spears maintains that the aforementioned quit claim deed was improperly and inappropriately relinquished by Ms. Spears and

obtained by Plaintiff in a blatant attempt to further its position in an upcoming mediation . . . .")). The Amended Notice of Mediation filed October 14, 2009, reflects that mediation occurred on November 13, 2009. Dr. Spears' failure to timely seek supplementation prior to the instant motion to amend thus weighs against the request.

Foremost, however, this action arose, and was fully litigated as, a petition to quiet title relating to a defect in the tax sale process. The tort claims that Dr. Spears now seeks to allege are quite distinct from the original subject matter. Further, they seek to add at least some claims against a party, Ms. Spears, who has never appeared. There is no apparent obstacle to Dr. Spears instituting another civil action.[6]

The court, accordingly, ORDERS that Dr. Spears' motion to amend his counterclaim and add a cross claim against Ms. Spears be, and it hereby is, denied.

---

[6]Additionally, inasmuch as there may now be a further cloud on the title based upon Dr. Spears' allegation that Rebuild America failed to satisfy its tax obligations on the property after acquiring the initial lien and that it allowed the property to be sold again for taxes, the more narrow supplementation suggested by Dr. Spears will not result in the final adjudication of true ownership.

12

The entry of final judgment now appears appropriate. The court, accordingly, enters its Judgment this same day by separate order.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: July 14, 2010

_____
John T. Copenhaver, Jr.
United States District Judge